UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 24-cv-04528 |
| GLENN BOWDEN, | Judge Thomas M. Durkin |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Glenn Bowden filed a *pro se* petition for relief under 28 U.S.C. § 2241, challenging the calculation of his criminal history points for sentencing. R. 1. The Court thereafter converted Bowden's filing into a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which Bowden now asks the Court to undo. For the following reasons, his filing is properly characterized as a § 2255 petition, and that petition is denied.

**Background**

I.   Charges, Conviction, and Sentencing

Bowden pleaded guilty to conspiracy to commit Hobbs Act robbery and three counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and (b) in connection with his robberies of Sprint cell phone stores. CR. 103, 115, 116.[1] The Probation Department prepared a presentence investigation report ("PSR"), which calculated a total of twelve criminal history points, corresponding to Category V. CR. 117 at 20.

---

[1] Citations to the criminal case docket (19-cr-00924) are referenced as "CR. __"; citations to the civil case docket (24-cv-04528) are referenced as "CVR. __"; and citations to the appellate court docket (22-2309) are referenced as "AR. __".

Specifically, the PSR calculated: (a) three criminal history points for a 1996 conviction for unlawful use of a firearm by a felon for which Bowden was sentenced to four years in prison; (b) three criminal history points for a 1996 conviction for armed robbery for which he was sentenced to twenty years in prison; (c) one criminal history point for a 2010 conviction for possessing a counterfeit driver's license for which he was sentenced to three days in jail; (d) one criminal history point for a 2013 conviction for retail theft for which he was sentenced to two days in jail; (e) one criminal history point for a 2015 conviction for retail theft for which he was sentenced to 24 months' probation; and (f) three criminal history points for a 2016 conviction for theft for which he was sentenced to two years in prison. *Id.* at 17–19.

Defense counsel objected to the assignment of criminal history points for the 1996 firearm conviction and 2010 counterfeit driver's license conviction, calculating eight total criminal history points, which corresponded to Category IV. CR. 128 at 2. The government agreed that Bowden's 1996 firearm conviction did not qualify for any points under § 4A1.2(e) because his release from custody on that sentence was no later than 2000, which was more than 15 years before his current offense. CR. 129 at 7. The government calculated nine total criminal history points, also corresponding to Category IV.

At sentencing, Judge Leinenweber agreed that no criminal history points should be assigned for the 1996 firearm conviction. CR. 148. The Court also deducted the criminal history point for the 2010 counterfeit driver's license conviction, recognizing that Bowden's total criminal history points (whether eight or nine) would

put him in Category IV. *Id.* Judge Leinenweber sentenced Bowden to 110 months' imprisonment, based on an offense level of 28 and criminal history category IV. *Id.*

II. Appeal

Bowden was appointed new counsel for his appeal, and appellate counsel filed an *Anders* brief stating that any argument challenging his sentence would be frivolous. AR. 19. Appellate counsel discussed, among other things, how the district court's calculation of criminal history points was correct. *Id.* at 32–33. The Seventh Circuit permitted Bowden to file a *pro se* response to the *Anders* brief. AR. 20. Bowden sought, and the Seventh Circuit granted, additional time to file that response, but Bowden never filed it. AR. 22, 23. Nearly five months later, on October 16, 2023, the Seventh Circuit granted appellate counsel's motion to withdraw and dismissed the appeal. AR. 26, 27.

III. § 2241/§ 2255 Petitions

On May 29, 2024, Bowden filed what he styled as a "Writ of Heabeas [sic] Corpus 2241." *See* CVR. 1 at 1. In the petition, Bowden raised a single challenge to his conviction and sentence: that his criminal history points were miscalculated. Although Bowden used the criminal docket number in the caption, the Clerk's Office docketed the matter as a civil case, and it was assigned to Judge Kennelly. On July 1, 2024, Judge Kennelly issued an order, which was mailed to Bowden at the Metropolitan Correctional Center, notifying him of the Court's intent to convert his § 2241 filing into a § 2255 motion:

> Bowden's filing cannot meet the narrow exception under § 2255(e) that would authorize a § 2241 petition. The U.S. District Court for the

3

> Northern District of Illinois is an available forum where Bowden can assert his challenge via a § 2255 motion. As such, although Bowden invokes § 2241, this filing is substantively a § 2255 motion, as he is attacking his sentence. *Blitch*, 39 F.4th at 833; *Melton*, 359 F.3d at 859.
>
> Bowden is advised that the Court intends to treat this case as a 28 U.S.C. § 2255 proceeding and convert the § 2241 habeas corpus petition into a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 376 (2003) ("In light of these consequences, we hold that the court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."). If Bowden does not wish this proceeding to be reclassified into a § 2255 motion, he should inform the Court that he wishes to voluntarily dismiss the case. Alternatively, if he wishes to proceed with a § 2255 motion, it would be in his best interest to amend his pleading to raise all § 2255 claims at this time, as a defendant is typically limited to filing a single § 2255 motion.
>
> Bowden should inform the Court by July 30, 2024 whether he wishes to withdraw this case, provide an amended § 2255 motion including (if he wishes) additional claims, or proceed with his original § 2241 petition construed as a § 2255 motion without any amendment. Failure to respond to this order will result in the Court construing this case into a § 2255 case and proceeding accordingly.

CVR. 3. On September 16, 2024, after Bowden failed to respond to the July 1st order and after confirming that the order had been mailed to the correct location, Judge Kennelly issued an order converting the case into a § 2255 proceeding. *See* CVR. 4. The Executive Committee thereafter reassigned Bowden's § 2255 action to the undersigned, because this Court is presiding over Bowden's criminal case following reassignment from Judge Leinenweber.

On January 23, 2025, after the government filed its opposition to Bowden's petition, Bowden filed a motion to "correct the record" in his criminal case. *See* CR.

4

212. He asked the Court to restore the § 2241 classification because his petition is directed at the "execution of [his] sentence" and was recharacterized without his consent as required by *Castro*. *Id*. Alternatively, he asked the Court to dismiss his filing without prejudice so that he can later file a § 2255 petition. *Id*. The Court denied the motion in the criminal docket because it raised issues that should be addressed in this civil case.

Further, in his reply in support of his petition, Bowden stated that he had filed a different § 2255 petition in his criminal case on January 17, 2024. *See* CR. 183, 184. Those filings challenge the existence of "federal criminal jurisdiction" over his prosecution and assert his status as a sovereign citizen. The filings were incorrectly captioned as motions for relief under Amendment 821 and were resolved by what appears to be an inadvertent reference in Judge Leinenweber's order denying Bowden's separate motions for compassionate release. CR. 192. Judge Leinenweber did not, however, receive briefing on or address the substance of that petition. The Court asked the government to file an amended response covering all bases for § 2255 relief raised by Bowden, and permitted Bowden to file a new reply.

In this opinion, the Court addresses the merits of all of Bowden's requests for relief under 28 U.S.C. § 2255 along with his motion to "correct the record."

## Discussion

I.     Classification as § 2255 Petition

Bowden's petition was properly recharacterized as a § 2255 petition. In *Castro*, the Supreme Court held that a district court may treat *pro se* motions by federal

5

prisoners as requests for relief under 28 U.S.C. § 2255 so long as the court follows three notification requirements. 540 U.S. at 383. A district court must: (1) notify a defendant that it intends to recharacterize the pleading as a § 2255 motion; (2) warn the defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on second or successive motions; and (3) provide the defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Id.* As detailed above, Judge Kennelly did precisely that in his July 1, 2024 order. *See* CVR 4. And Bowden does not dispute that he received Judge Kennelly's July 1st order. As such, Bowden's petition was properly recharacterized as a § 2255 motion.

    II.   Merits

        A. Legal Standard

Section 2255 allows "a prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A criminal defendant is entitled to relief from his conviction and sentence if "the court finds . . . that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court may deny a § 2255 petition without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* Section 2255 relief is reserved

for "extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 733 F.3d 870, 878–79 (7th Cir. 2013).

A claim cannot be raised for the first time in a § 2255 petition if it could have been raised during trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). A court cannot consider procedurally defaulted claims on collateral review unless a petitioner shows either actual innocence or cause and prejudice. *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice from the violations alleged in the defaulted claim. *Id.* Because Bowden is *pro se*, the Court construes his § 2255 petition liberally. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

    B. Jurisdiction Claim

Bowden's challenge to "federal criminal jurisdiction" fails because it is both procedurally defaulted and frivolous. Bowden failed to raise this claim at any point in the district court or on appeal, so he cannot raise it at this juncture unless he can show actual innocence or cause and prejudice. Bowden references ineffective assistance of counsel in his petition, which is a cause argument. *See* CR. 184 at 1. That argument is undeveloped and perfunctory. He does not state which counsel was ineffective or how they were ineffective. Though he states that he did not raise his

7

claim on direct appeal because "Attorney stated I had no merits," CR. 183 at 5, he does not explain why he did not raise the claim himself when the Seventh Circuit permitted him to respond to appellate counsel's *Anders* brief. Thus, Bowden has not shown good cause to excuse the procedural default.

Even if the claim was not procedurally defaulted, it has no merit. The indictment alleged that Bowden violated 18 U.S.C. §§ 1951(a) and (b), and the district court has "original jurisdiction . . . of all offenses against the laws of the United States." *See* CR. 103; 18 U.S.C. § 3231. Bowden's assertion that he is a sovereign citizen and thus beyond the jurisdiction of the court is simply wrong and requires no further discussion. *McDauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560, at *1 (7th Cir. Apr. 8, 2022) ("[A]rguments that a defendant is sovereign and beyond the jurisdiction of the courts 'should be rejected summarily, however they are presented.'" (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011))); *United States v. Maclin*, No. 22-2369, 2023 WL 4341455, at *2 (7th Cir. 2023) (same).

### C. Criminal History Points Claim

Bowden's criminal history points challenge fails for similar reasons. Bowden first argues that his 1996 firearm conviction should not have been counted because it was too old, and his 2010 counterfeit driver's license conviction should not have been counted because his sentence was for three days in jail. Bowden raised these objections in the district court, and the Court sustained them. There were no points assigned for either the 1996 firearm conviction or the 2010 counterfeit driver's license

8

conviction. So, there is no error in the calculation of criminal history points for these convictions.

Bowden next argues that he should not have received points for his 2013 retail theft conviction because his sentence was for two days in jail and his 2015 retail theft conviction was "the same case" as his 2016 theft conviction. Bowden did not raise these objections in the district court. Further, Bowden failed to respond to the *Anders* brief, wherein his appellate counsel stated there were no issues with the calculation of his criminal history points. Thus, the challenges to his retail theft convictions are procedurally defaulted. Bowden does not offer any cause for these defaults. In the absence of good cause, the defaults are not excused.

However, even if collateral review was appropriate, it would not warrant relief. Bowden is incorrect that his 2015 retail theft conviction was "the same case" as his 2016 theft conviction. His 2015 conviction was for a retail theft at a Walmart in Chicago, while his 2016 conviction was for a theft at a Macy's in Orland Park. CR. 117 at 19. As to Bowden's argument that he should not have received one point for his 2013 retail theft conviction because he was only sentenced to two days in jail, the Guidelines make clear that any sentence not otherwise counted receives one point regardless of its length, unless an exception applies. U.S.S.G. § 4A1.1(c); Application Note to § 4A1.1(c). Bowden points out in reply that retail theft is a misdemeanor. Section 4A1.2(c) of the Guidelines sets forth the limited circumstances where sentences for misdemeanors do not count. Retail theft is not among or similar to the

9

offenses listed in that section. *See United States v. Sanchez,* 507 F.3d 532, 537 (7th Cir. 2007). Accordingly, the criminal history points claim is without merit.

## Conclusion

For the foregoing reasons, the Court denies Bowden's "motion to correct" and denies Bowden's § 2255 petition.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 15, 2025

10