


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
         v.                  )   Case No. 24-cv-04528
                             )   Judge Thomas M. Durkin
GLENN BOWDEN,                )
                             )

### DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

Comes now defendant Glenn Bowden pro se and respectfully moves the Court pursuant to Rule 60(b) Fed. R. Civil P., for relief from the judgment entered on 04/15/2025.

### RELEVANT PROCEDURAL HISTORY

On May 29, 2024, Bowden filed a motion for a Writ of Habeas Corpus pursuant to 28 USC §2241 in his criminal case. The Clerk's Office docketed the matter as a civil case. The case was assigned to Judge Kennelly who on September 16, 2024, converted Bowden's §2241 habeas petition to a §2255 motion and thereafter unexplained the converted §2255 motion was reassigned to Judge Durkin who presided over Bowden's criminal case. On 04/15/2025, Judge Durkin addressed the merits of Bowden's converted §2255 motion and entered an Order denying the motion. It is the Order that Bowden seeks relief from.

It must be first understood the on January 17, 2024, Bowden filed a first motion under 28 USC §2255, CR. 183, 184. Bowdens first §2255 was denied By Judge Leinenweber. CR 192.

1.

GROUNDS FOR RELIEF

The court (Judge Durkin) was without jurisdiction to rule on Bowden's convered §2255 motion. Because Bowden had already filed a first §§2255 motion that was denied on the merits by Judge Leinenweber CR 192, Judge Leinenweber "summiraly" denied Bowdens first §2255 motion not requiring a response from the government or a reply from Bowden.

Because Bowden had already file a FIRST §2255 motion Judge Durkin's converted §2255 motion became a "second or successive" §2255 motion.that required authorization from the Seventh Circuit Court of Appeals in order to file in the district court. Because no authorization was obtained from the court of appeals to file the converted §2255 motion Judge Durkin lacked jurisdiction to conduct a merits ruling on Bowden's converted §2255 motion. See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007). "Unless and until the movant seeks and obtains permission from the court of appeals to file (a second or successive) motion, the district court is without jurisdiction to entertain his request".

ARGUMENT

Assuming the district court had jurisdiction to convert Bowden's §2241 petition into a §2255 motion, Judge Durkin lacked jurisdiction to entertain that motion.because it was an unauthorized "second or successive" motion under §2255. Judge Durkin should have dismissed Bowden's converted §2255 motion for lack of jurisdiction. See United States v. Nunez, 96 F.3d 990, 991 (7th Cir. 1996). "A district court must dismiss a second or successive petition unless the court of appeals has given approval for its filing:.

2.

## RELIEF REQUESTED

With all due respect Bowden moves the Court to vacate it's Order of 04/15/2025, in order to correct the jurisdictional error complained of herein; and further to dismiss Bowdens 28 USC §2241 habeas corpus petition without prejudice.

The relief requested will insure that the converted §2255 motionnwill not count as a strike against Bowdens' ability to file a second or successive §2255 motion in the future.

Respectfully Submitted

Date 5-1-2025

*Glenn Bowden*
Glenn Bowden
Defendant pro se

Address:

Glenn Bowden
#54825-424
MCC Chicago
71 West Van Buren Street
Chicago, Illinois. 60605

3.

Glenn Bowden
#54825-424
MCC Chicago
71 West Van Buren Street
Chicago, Illinois. 60605

April 31, 2025

Re: <u>United States v. Glenn Bowden</u>, Case No. 24-cv-04528

Office Of The Clerk
United States District Court
Northern District of Illinois
71 West Van Buren Street
Chicago, Illinois. 60604

Dear Clerk,

Enclosed you will find my Motion For Relief From Judgment. Would you please file this motion for me and return to me a file stamped copy for my files. Thank you for your assistance in this matter.

Sincerely Yours

Glenn Bowden
Glenn Bowden



